## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **CHARLES LOGSDON and JANET** | § | |
| **LOGSDON, Individually, and as** | § | |
| **Representatives of the Estate of** | § | **CIVIL ACTION NO.** |
| **CHARLOTTE LOGSDON, Deceased** | § | |
| | § | |
| **v.** | § | **JURY DEMANDED** |
| | § | |
| **GE OIL & GAS, INC.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES CHARLES LOGSDON and JANET LOGSDON, Individually, and as Representative of the Estate of Charlotte Logsdon, Deceased, complaining of GE OIL & GAS, INC., hereinafter referred to as Defendant, and for cause of action would respectfully show unto the Court and jury the following.

Plaintiffs are residents of Rusk County, Texas.

Defendant, GE OIL & GAS, INC. is a Foreign Corporation licensed to do business in the State of Texas and may be served by certified mail, return receipt requested, through their registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## CASE LEVEL ASSIGNMENT

1.      Plaintiffs would show discovery in this cause should be conducted pursuant to Level 3 of the Discovery Control Plan, as set forth in Rule 190 of the Texas Rules of Civil Procedure, in

that Plaintiff affirmatively pleads that he seeks monetary relief aggregating $50,000.00 or more, excluding costs, pre-judgment interest and attorneys' fees.

## STATUTE OF LIMITATIONS

2.      Plaintiffs allege this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of occurrence.  In the alternative, Plaintiff alleges the statute of limitations is tolled because this lawsuit has been filed within two (2) years of the date Plaintiff knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendants.

## JURISDICTION AND VENUE

3.      The court has proper jurisdiction over this case pursuant to 28 U.S.C. §1332 of the United States Code.  Diversity of citizenship exists in connection with this case and the amount of controversy is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

## FACTS OF CASE

4.      It has become necessary to bring this action because of injuries and damages sustained by Plaintiffs as the result of a vehicular collision that occurred on or about October 2, 2014, in Gregg County, Texas.  The evidence will show that the collision between the vehicle in which Charlotte Logsdon, Decased was driving and the vehicle operated by the Defendant's statutory employee and owned by Defendant and the resulting death of Charlotte Logsdon, Deceased, and damages sustained by Plaintiffs were proximately caused by the negligence of the Defendant.

## CAUSE OF ACTION

5.      Plaintiffs allege that the Defendant, through the acts and omissions of its statutory

employee, CHARLIE BIRDWELL, was negligent, and such negligence was a proximate cause

of the incident in question and the resulting death of Charlotte Logsdon, Deceased, and damages

sustained by Plaintiffs were proximately caused by one or more of the following acts of

negligence on the part of Defendant:

1.      In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

2.      In failing to yield the right of way to oncoming traffic.

3.      In entering an intersection when it was unsafe to do so.

4.      In blocking a roadway/highway.

5.      In stopping on the roadway/highway when it was unsafe to do so.

6.      In violating Texas Transportation Code §545.151(e), which provides, "an operator approaching an intersection of a street or roadway from a street or roadway that terminates at the intersection and that is not controlled by an official traffic control device or controlled as provided by Subsection (b) or (c): (1) shall stop, yield, and grant immediate use of the intersection to another vehicle that has entered the intersection from the other street or roadway in a proximity that is a hazard; and (2) after stopping, may proceed when the intersection can be safely entered without interference or collision with the traffic using the other street or roadway," which constituted negligence per se.

7.      In violating Texas Transportation Code §545.151(1), which provides, Aan operator approaching an intersection: (1) shall stop, yield, and grant immediate use of the of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign," which constituted negligence per se.

8.      In violating Texas Transportation code §545.302(a)(3), which provides Aan operator may not stop, stand, or park a vehicle in an intersection," which constitutes negligence per se.

9.    Defendant was negligent in other respects.

## RESPONDEAT SUPERIOR

6.    Plaintiffs would further show that at the time the accident made the basis of this lawsuit occurred, CHARLIE BIRDWELL was an employee and acting within the course and scope of his employment for the Defendant and in the furtherance of the business interest and pursuits of said Defendant. In this regard, Plaintiffs hereby invoke the doctrine of *respondeat superior* and therefore allege and contend that each negligent act and/or omission on the part of CHARLIE BIRDWELL, is imputed to Defendant and Defendant is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee, CHARLIE BIRDWELL.

## STATUTORY EMPLOYEE

7.    Plaintiffs would further show that at the time the accident made the basis of this lawsuit occurred, CHARLIE BIRDWELL was and is considered a statutory employee of Defendant pursuant to Title 49 §14102/49 C.F.R. 376. In this regard, Plaintiffs invoke Title 49 §14102/49 C.F.R. 376 and contend that Defendant is vicariously liable for all negligent and grossly negligent acts and/or omissions of its statutory employee driver.

## PERMISSIVE USE

8.    Plaintiffs would further show that prior to the time the collision occurred, Defendant was the owner and was in the possession, custody and control of the vehicle ultimately driven by its employee on the date of the accident made the basis of this lawsuit. On or about October 2, 2014, Defendant directed its employee, CHARLIE BIRDWELL, to use the vehicle in

question for the purpose of operating it on the public streets and highways of Texas and, therefore, CHARLIE BIRDWELL operated said vehicle with the knowledge, consent and permission of Defendant.

## NEGLIGENT ENTRUSTMENT

9.     Plaintiffs would further show that Defendant was the owner of the vehicle being operated by its statutory employee, CHARLIE BIRDWELL, at the time of the accident made the basis of this lawsuit.  Defendant was negligent in entrusting the vehicle to CHARLIE BIRDWELL who was an unqualified, incompetent and reckless driver. Defendant knew or should have known that its statutory employee, CHARLIE BIRDWELL, was an unqualified, incompetent and reckless driver.  Plaintiffs would further show that the Defendant in entrusting his vehicle to its statutory employee, CHARLIE BIRDWELL, was negligent in entrusting his vehicle to its statutory employee, CHARLIE BIRDWELL, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiffs.

## NEGLIGENT HIRING, RETENTION AND CONTROL

10.     Plaintiffs further allege that Defendant, through his acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question. Plaintiffs' resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, to-wit:

   a.     In hiring and/or retaining its employee driver, CHARLIE BIRDWELL;

   b.     In allowing and/or requiring its employee, CHARLIE BIRDWELL, to drive the vehicle in question;

c.     In failing to instruct, supervise, and control CHARLIE BIRDWELL;

d.     In allowing and/or requiring CHARLIE BIRDWELL to drive the vehicle in question when it was unsafe for him to do so under the circumstances.

## MALICE

11.    Plaintiffs further allege that Defendant, by and through his acts and/or omissions, and through the acts and/or omissions of its employee driver CHARLIE BIRDWELL, as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiffs allege that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiffs. Plaintiffs further allege that the Defendants' acts and/or omissions of gross negligence created an extreme degree of risk to Plaintiffs. Plaintiffs further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendant at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiffs. Plaintiffs further allege that the defendant had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs. In this regard, Plaintiffs therefore seek exemplary damages.

## DAMAGES

12.    As a proximate result of the negligence of Defendant as described above, Plaintiffs would show that pursuant to Section 71 of the Texas Civil Practice and Remedies Code (the "Survival

Statute"), Plaintiffs, as the Representatives of the Estate of CHARLOTTE LOGSDON,
Deceased, sustained which resulted in her death.  Such survival damages include the pain and
suffering and metal anguish that CHARLOTTE LOGSDON, Deceased, suffered prior to her
death, including the conscious physical pain, medical expenses and funeral expenses, torment
and suffering experienced by CHARLOTTE LOGSDON, Deceased, prior to her death as a result
of the incident made the basis of this lawsuit.

13.     Further, pursuant to Section 71 of the Texas Civil Practice and Remedies Code (the
"Wrongful Death Statute"), Plaintiffs CHARLES LOGSDON and JANET LOGSDON, as the
parents of CHARLOTTE LOGSDON, Deceased, are entitled to bring this cause of action for all
damages they have suffered as a result of the wrongful death of CHARLOTTE LOGSDON,
Deceased.  Such wrongful death damages include the Plaintiffs' pecuniary loss, meaning the loss
of care, maintenance, support, services, advice, counsel and reasonable contributions of a
pecuniary value that she would have, in reasonable probability, received from CHARLOTTE
LOGSDON, had she lived.  Plaintiffs would further show that as a direct and proximate result of
the negligence, negligence per se, and malice of the Defendant as set forth above, Plaintiffs have
suffered past and future loss of consortium and damage to the parent-child relationship, including
the loss of affection, solace, comfort, assistance, emotional support and love necessary for a
parent-child relationship.

14.     Plaintiffs allege that the accident made the basis of this lawsuit, and Plaintiffs' injuries
and resulting damages were proximately caused as a result of the wrongful conduct and negligent
conduct of the Defendant as alleged and set forth herein.

15.     Plaintiffs allege that their damages exceed the minimum jurisdictional limits of this court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for issuance of service of citation upon Defendant for actual damages, costs of Court, prejudgment and post-judgment interest, punitive and/or exemplary damages, attorney's fees, and such other and further relief, general and special, legal and equitable to which Plaintiffs may be justly entitled.

Respectfully Submitted,

LUKE BICKHAM, P.C.
515 South Vine Avenue
Tyler, Texas 75702
903-533-8820
luke@lukebickham.com

By:

LUKE F. BICKHAM
SBOT:  00787080

ATTORNEY IN CHARGE